T.C. Summary Opinion 2004-72


UNITED STATES TAX COURT


JORGE GALLARDO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6229-03S.              Filed May 24, 2004.


Jorge Gallardo, pro se.

<u>Fred E. Green</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered in this case is not reviewable by any
other Court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal
income tax for the year 2001 in the amount of $2,667 and an

_____

[1]   Unless otherwise indicated, section references
hereafter are to the Internal Revenue Code in effect for the year
at issue.

addition to tax under section 6651(a)(1) in the amount of $145.50 for the failure to file the 2001 income tax return timely. At trial, respondent conceded the section 6651(a)(1) adjustment.

The issues for decision are: (1) Whether petitioner is entitled to a dependency exemption deduction under section 151; (2) whether petitioner is entitled to head-of-household filing status under section 2(b); (3) whether petitioner is entitled to the earned income credit under section 32(a); and (4) whether petitioner is entitled to the child care credit under section 21. An additional adjustment, reducing the rate reduction credit claimed by petitioner under section 6428, is a computational adjustment that is resolved by the Court's holding on the contested issues.

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and are made part hereof. Petitioner's legal residence at the time the petition was filed was Las Vegas, Nevada.

Petitioner married Bertha Alicia Tello (Mrs. Gallardo) on July 12, 1989. They had three children of their marriage: Jorge A. Gallardo, born on February 4, 1990, Stacy Gallardo, born on April 6, 1991, and Richard Gallardo, born on July 28, 1996. At trial, petitioner was employed as a cage cashier at one of the casinos in Las Vegas, Nevada. Mrs. Gallardo was also employed at a casino during the year at issue.

On July 20, 2001, petitioner and his wife separated. She moved out of the marital premises along with the three children. Petitioner thereafter filed a Complaint For Divorce in the District Court, Family Division, Clark County, Nevada, against his spouse.[2] A Decree of Divorce was rendered on February 21, 2002.

In the divorce decree, the "primary physical custody" of the three children was awarded to Mrs. Gallardo. Visitation privileges for petitioner were provided. The divorce decree further provided for payment of child support by petitioner in the amount of $560 per month and an additional amount of $50 per month for child care. The decree further ordered petitioner to pay $3,920 for "back child support", payable at the rate of $50 per month. It appears from the record that the "back child support" represented petitioner's obligation for child support from the date the parties separated in July 2001 (7 months at $560 per month) to the date of their divorce. Petitioner admitted at trial that he paid no support to his wife and children from the date Mrs. Gallardo moved out of their matrimonial domicile in July 2001 until he was ordered to pay

---

[2] The evidence conflicts as to the date the complaint was filed. The acknowledgment or affidavit accompanying the complaint is dated Oct. 19, 2001; however, the complaint was filed with the court on Jan. 10, 2002. The different dates are not material to the issues in the case.

support in the divorce decree. The divorce decree further required petitioner to maintain medical and dental insurance for his children. No evidence was presented at trial as to whether petitioner fulfilled this portion of the decree.

Petitioner filed a Federal income tax return for 2001 claiming head-of-household filing status and one dependency exemption deduction for his youngest child, Richard Gallardo. He claimed an earned income credit of $1,040, with his son Richard Gallardo as the qualifying child, a child care credit of $600, and a rate reduction credit under section 6428 in the amount of $465.

In the notice of deficiency, respondent disallowed petitioner's head-of-household filing status and determined he was married, filing separately. Respondent also disallowed the claimed dependency exemption deduction for Richard Gallardo, disallowed the claimed earned income and child care credits, and made a computational adjustment reducing the section 6428 rate reduction credit from $465 to $300. In his petition to this Court, petitioner challenges these adjustments.[3]

_____

[3] Sec. 7491, in some instances, places the burden of proof on respondent. However, under sec. 7491(a)(2)(A) and (B), for the burden to shift, the taxpayer must comply with the substantiation and record-keeping requirements of the Internal Revenue Code. Petitioner presented no documentary evidence to substantiate his claim for the dependency exemption; therefore, the burden of proof did not shift to respondent.

With respect to the first issue, whether petitioner is entitled to a dependency exemption deduction, section 151(c) allows taxpayers to deduct an annual exemption amount for each dependent as defined in section 152. Under section 152(a), the term "dependent" means certain individuals over half of whose support was received from the taxpayer during the taxable year in which such individuals are claimed as dependents. Eligible individuals who may be claimed as dependents include, among others, a son or stepson of the taxpayer. Sec. 152(a)(1) and (2). Section 152(e)(1)(A)(iii) further provides an additional requirement pertinent to the facts of this case that, when the parents are not divorced or legally separated under a decree of divorce or separate maintenance, in order for the custodial parent to be entitled to the dependency exemption deduction, the parents must have lived apart during the last 6 months of the taxable year.

Section 1.152-1(a)(2)(i), Income Tax Regs., provides that, in determining whether an individual received over half of his support from the taxpayer, "there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources, including support which the individual himself supplied." In Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971), this Court held that, in establishing that more than one-

half of a dependent's support has been provided, a prerequisite to such a showing is the demonstration by competent evidence of the total amount of the dependent's support from all sources for that year. If the amount of total support is not established and cannot be reasonably inferred from competent evidence available to the Court, it is not possible to conclude that the taxpayer claiming the exemption provided more than one-half of the support of the claimed dependent.

The Court is not satisfied from the evidence that petitioner provided more than half of the support for his son during the year at issue. Petitioner presented no evidence to show the total support that was provided to the child during 2001 and the amount he provided to establish that such amount met the one-half threshold required under section 152(a). Petitioner and his former wife were both employed during the year 2001, and it is logical to assume, and it was not established otherwise, that, until petitioner and his former wife separated on July 20, 2001, the support for the son came from petitioner as well as from the earnings of his former wife. After July 20, 2001, the child no longer lived with petitioner. Petitioner admitted that he provided no support for the remainder of 2001 to his wife and three children. He only resumed support for his children in the year 2002, when he was ordered to do so by the Nevada divorce

court.  The Court holds that petitioner is not entitled to a dependency exemption deduction for his son for the year 2001.

With respect to the second issue, section 2(b) provides generally that an individual shall be considered a head-of-household if, among other requisites not pertinent here, the taxpayer is not married at the close of the taxable year, and such individual maintains as his home a household that constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of an unmarried son or stepson of the taxpayer.  Sec. 2(b)(1)(A)(i). However, petitioner was married as of December 31, 2001.  Under section 7703(b), petitioner, although not divorced as of that date, could have qualified for head-of-household if, among other requisites of section 7703(b) not pertinent here, his spouse had not been a member of petitioner's household during the last 6 months of the tax year at issue.  Petitioner's former wife did not leave the marital household until July 20, 2001; consequently, his former spouse was a member of petitioner's household for a portion of the time in the last 6 months of 2001. Petitioner, therefore, was married as of the close of the taxable year 2001 under section 7703(b) and, therefore, does not qualify for head-of-household filing status.

Petitioner's sole argument on this issue is that he maintained his home as a household that constituted, for more

than one-half of taxable year 2001 (until July 20, 2001), the principal place of abode for his son. While that assertion is correct, petitioner was married, and, additionally, under section 7703(b), petitioner was considered married as of the end of the taxable year because his former spouse was a member of petitioner's household during the last 6 months of taxable year 2001. Respondent, therefore, is sustained on the head-of-household issue.

With respect to the third issue, section 32(a) provides for an earned income credit in the case of an eligible individual. Section 32(c)(1)(A), in pertinent part, defines an "eligible individual" as an individual who has a qualifying child for the taxable year. Sec. 32(c)(1)(A)(i). A qualifying child is one who satisfies a relationship test, a residency test, an age test, and an identification requirement. Sec. 32(c)(3). To satisfy the residency test, the qualifying child must have the same principal place of abode as the taxpayer for more than one-half of the taxable year in which the credit is claimed. Sec. 32(c)(3)(A)(ii). However, section 32(d) provides that, in the case of an individual who is married within the meaning of section 7703, the earned income credit is allowed only if a joint return is filed for the taxable year in question. As noted in the earlier discussion, since petitioner's wife was a member of his household during the last 6 months of 2001, petitioner was

considered married as of December 31, 2001.  Since petitioner did not file a joint Federal income tax return with his wife for 2001, he is not entitled to the earned income credit.

The final issue is petitioner's claim to what is generally referred to as the child care credit.  Section 21(a) generally provides for a credit against the tax to an individual who maintains a household that includes as a member one or more qualifying individuals.  The term "qualifying individual", under section 21(b)(1), includes a dependent of the taxpayer under age 13, with respect to whom the taxpayer is entitled to a dependency deduction under section 151(c).  The allowable credit, under section 21(b)(2), generally is based upon employment-related expenses that are incurred to enable the taxpayer to be gainfully employed, including expenses incurred for the care of a qualifying individual.  Since petitioner is not entitled to the dependency exemption deduction for his son, he is not entitled to the child care credit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent for the deficiency and for petitioner for the addition to tax.